[ ] AMENDED

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

In re: (1) Reneka Clark   Case No. 19-29808
       (2)
Debtor(s).                                    Chapter 13

UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED
DEC 19 2019
KATHLEEN A FORD
CLERK OF COURT
WESTERN DISTRICT OF TENN.

CHAPTER 13 PLAN

ADDRESS: (1) 3375 Eastport Cove    (2)
         Memphis TN 38118

**PLAN PAYMENT:**

DEBTOR (1) shall pay $ 75  ( ) weekly, ( ) every two weeks, ( ) semi-monthly, or (✓) monthly, by:

( ) PAYROLL DEDUCTION from: _____    OR  (✓) DIRECT PAY.

DEBTOR (2) shall pay $ _____  ( ) weekly, ( ) every two weeks, ( ) semi-monthly, or ( ) monthly, by:

( ) PAYROLL DEDUCTION from: _____    OR  ( ) DIRECT PAY.

1. THIS PLAN [Rule 3015.1 Notice]:

   (A) CONTAINS A NON-STANDARD PROVISION. [See plan provision #19]                                ( ) YES ( ) NO

   (B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF THE
       COLLATERAL FOR THE CLAIM. [See plan provisions #7 and #8]                                  ( ) YES ( ) NO

   (C) AVOIDS A SECURITY INTEREST OR LIEN. [See plan provision #12].                              ( ) YES ( ) NO

2. ADMINISTRATIVE EXPENSES: Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

3. AUTO INSURANCE: ( ) Included in Plan; OR ( ) Not included in Plan; Debtor(s) to provide proof of insurance at §341 meeting.

4. DOMESTIC SUPPORT: Paid by: ( ) Debtor(s) directly, ( ) Wage Assignment, OR ( ) Trustee to:   Monthly Plan Payment:

   _____; ongoing payment begins _____    $ _____
       Approximate arrearage: _____           $ _____
   _____; ongoing payment begins _____    $ _____
       Approximate arrearage: _____           $ _____

5. PRIORITY CLAIMS:
   _____  Amount: _____      $ _____
   _____  Amount: _____      $ _____

6. HOME MORTGAGE CLAIMS: ( ) Paid directly by Debtor(s); OR ( ) Paid by Trustee to:

   _____; ongoing payment begins _____                    $ _____
       Approximate arrearage: _____ Interest _____%                          $ _____
   _____; ongoing payment begins _____                    $ _____
       Approximate arrearage: _____ Interest _____%                          $ _____

7. SECURED CLAIMS:
   [Retain lien 11 U.S.C. §1325 (a)(5)]   Value of Collateral:   Rate of Interest:    Monthly Plan Payment:
   _____              _____      _____%             $ _____
   _____              _____      _____%             $ _____
   _____              _____      _____%             $ _____

8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:

   [Retain lien 11 U.S.C. §1325(a)]        Value of Collateral:        Rate of Interest:        Monthly Plan Payment:
   _____         _____     _____ %         $ _____
   _____         _____     _____ %         $ _____
   _____         _____     _____ %         $ _____

9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:

   _____         Collateral: _____
   _____         Collateral: _____

10. SPECIAL CLASS UNSECURED CLAIMS:

    Amount:                                 Rate of Interest:          Monthly Plan Payment:
    _____                 _____ %            $ _____
    _____                 _____ %            $ _____
    _____                 _____ %            $ _____

11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:
    _____    (  ) Not provided for   OR  (  ) General unsecured creditor
    _____    (  ) Not provided for   OR  (  ) General unsecured creditor

12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C.§522(f):

    _____
    _____

13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.

14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: _____.

15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:

    (  ) _____ %, OR,

    (  ) THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:
    _____    (  ) Assumes   OR   (  ) Rejects.
    _____    (  ) Assumes   OR   (  ) Rejects.

17. COMPLETION: Plan shall be completed upon payment of the above, approximately _____ months.

18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.

19. NON-STANDARD PROVISION(S):
    _____
    _____
    _____

    ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.

20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.

_/s/ Reneka Clark_____    DATE: 12/12/19
Debtor(s)' Attorney Signature or Pro Se Debtor(s)' Signature(s)